UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE: ALPINE PARTNERS (BVI) L.P.

———————————————————

ALPINE PARTNERS (BVI) L.P.,

    Petitioner,

v.                                             Case No.: 2:24-cv-412-SPC-NPM

MARK GUINAN,

    Respondent.
————————————————————/

## OPINION AND ORDER

Before the Court is Respondent Mark Guinan's Objection to United States Magistrate Judge Kyle C. Dudek's Order compelling his deposition under 28 U.S.C. § 1782. (Doc. 37). Petitioner has responded. (Doc. 39). For the below reasons, the Court overrules Respondent's Objection.

Petitioner invested in Myovant Sciences Ltd. After Myovant was taken private through a merger, Petitioner received $27 for each of its shares. Unhappy with that price, Petitioner sued in Bermuda. This case is collateral to the Bermuda proceedings. Petitioner sought a § 1782 order from this Court compelling the deposition of Respondent, a Florida resident and member of the

committee that approved Myovant's merger. Judge Dudek granted the request. Respondent now objects. (Doc. 37).

The Court starts with the standard of review. Respondent cites several out-of-circuit precedents for the proposition that § 1782 orders are dispositive and should therefore be reviewed de novo by a district judge. The Eleventh Circuit has held otherwise, in unpublished fashion. *See Rothe v. Aballi*, No. 20-12543, 2021 WL 4429814, at *2 (11th Cir. Sept. 27, 2021) ("§ 1782 motions are non-dispositive matters within the meaning of 28 U.S.C. § 636(b)(1)(A), and orders on such motions are set aside or modified by the district court only if clearly erroneous or contrary to law.") (cleaned up); s*ee also Weber v. Finker*, 554 F.3d 1379, 1385 (11th Cir. 2009) (holding that a party waived its argument that § 1782 motions are dispositive by failing to timely object to referral of the motion to the magistrate judge).

The Court is persuaded that an order granting § 1782 relief is non-dispositive for purposes of 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. "The great majority of courts to address the issue" have found that a § 1782 order is non-dispositive. *See In re Pons*, 614 F. Supp. 3d 1134, 1141 (S.D. Fla.) (collecting cases), aff'd sub nom. *Pons v. AMKE Registered Agents, LLC*, 835 F. App'x 465 (11th Cir. 2020). Afterall, a decision whether to compel discovery under § 1782 in no way resolves "a party's claim or defense." Fed. R. Civ. P.

2

72(a). This § 1782 proceeding is only ancillary to the Bermuda proceedings that involve such claims or defenses. Judge Dudek's Order is non-dispositive.

Non-dispositive orders are reviewed for clear error. The district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is clearly erroneous if the reviewing court, after assessing the evidence in its entirety, is left with definite and firm conviction that a mistake has been committed." *A.R. by and through Root v. Dudek*, 151 F. Supp. 3d 1309, 1312 (S.D. Fla. 2015) (citation omitted). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (citation omitted).

Respondent's objection concerns Judge Dudek's application of *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). The *Intel* Court provided several factors to consider when resolving a § 1782 request. Those factors include whether "the person from whom discovery is sought is a participant in the foreign proceeding;" the "nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government;" whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65.

Respondent's objection involves the first factor—whether he is a participant in the Bermuda proceedings. This factor is important because "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.* at 264. According to Respondent, he plans to testify in the Bermuda proceedings, so his evidence is available without § 1782 aid.

But Judge Dudek disagreed and found the first factor favored granting § 1782 relief. Judge Dudek described Respondent as an unaffiliated, potential witness to the Bermuda proceeding, not a participant. (Doc. 36 at 5). He noted that Respondent is no longer affiliated with the parties to the Bermuda proceedings and is not a Bermuda resident. (*Id.*). He found that Respondent is outside of the Bermuda court's jurisdictional reach. (*Id.*). And he found that Respondent's unenforceable promise to testify did not change the fact that his testimony ultimately "may be unobtainable absent § 1782(a) aid." (Doc. 36 at 6) (quoting *Intel*, 542 U.S. at 264). Given these findings, he compelled Respondent's deposition.

Respondent objects on a few related grounds. First, Respondent asserts that "[w]ithout explanation, the Order failed to cite, let alone address, the authority from across the United States that has uniformly rejected attempts to depose third parties who have agreed to testify to the same subject matter

4

in foreign proceedings." (Doc. 37 at 3). Respondent provides exceptions to his "uniform" authority. (Doc. 37 at 10). And none of the opinions Respondent relies on are binding precedent. The assertion that it was error for Judge Dudek to not address each of these opinions is absurd. The Court overrules this objection.

Second, Respondent asserts that his promise to testify "can be enforced by the Court, which can condition the denial of Section 1782 relief on the witness being presented in the foreign proceedings." (Doc. 37 at 9). Respondent provides an opinion that did just that. But Respondent does not provide any authority mandating that the Court take this approach. And Judge Dudek's Order provides an excellent reason why the Court should not—if Respondent refuses to participate in the Bermuda proceeding, then Petitioner may be left without his testimony. This is true even if the Court conditionally denied § 1782 relief. Returning to this Court at the eleventh hour would likely be too little too late. The Court overrules this objection.

Third, Respondent asserts that "if accepted, the Order's reasoning would apply to nearly every U.S. resident third-party witness in foreign proceedings." (Doc. 37 at 10). Respondent's parade of horribles is irrelevant to deciding whether the facts of this case support compelling Respondent's deposition. And he ignores that the decision whether to grant § 1782 relief is discretionary and

5

turns on the consideration of several factors and the facts of each case.  The Court overrules this objection.

Fourth, Respondent argues "the fact that a witness *may* become unavailable to testify is not a basis to order Section 1782 relief." (Doc. 37 at 10) (emphasis in original).  But that is exactly what *Intel* says.  The *Intel* Court noted that nonparticipants may be outside of the foreign tribunal's jurisdictional reach, and so their evidence "*may* be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264 (emphasis added).  And the evidence here *may* be unobtainable absent § 1782 relief given Respondent is outside the Bermuda court's jurisdictional reach.  The Court overrules this objection.

In short, Judge Dudek's Order is not clearly erroneous or contrary to law.  In the abundance of caution, the Court has also reviewed the matter de novo and overrules Respondent's objection even without affording any deference to Judge Dudek's well-written Order.

Accordingly, it is now

**ORDERED:**

1. Respondent's Objection (Doc. 37) is **OVERRULED**.
2. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on May 23, 2024.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record